**Below is a Memorandum Decision of the Court.**

**Christopher M. Alston
U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>Janay Louise Farmer,<br><br>                Debtor. | Case No. 16-14324-CMA |
| Janay Louise Farmer,<br><br>                Plaintiff,<br><br>v.<br><br>Navient Solutions, LLC,<br><br>                Defendant. | Adv. No. 16-01254-CMA<br><br>MEMORANDUM DECISION AND ORDER ON MOTION BY NAVIENT SOLUTIONS INC. TO COMPEL ARBITRATION AND DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION |

      This matter came before the Court on Defendant Navient Solutions, Inc.'s Motion to Compel Arbitration and Dismiss or Stay Pending Arbitration and Incorporated Memoranda of Law [ECF No. 26] (the "Motion"). The Court considered the Motion, Plaintiff's Opposition to

MEMORANDUM DECISION AND ORDER ON MOTION BY NAVIENT SOLUTIONS INC. TO COMPEL ARBITRATIONS AND DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION - 1

**Below is a Memorandum Decision of the Court.**

Defendant's Motion to Compel Arbitration and Dismiss or Stay Pending Arbitration [ECF No. 29] (the "Opposition"), Defendant Navient Solutions, LLC's[1] Reply in Support of Motion to Compel Arbitration and Dismiss or Stay Pending Arbitration and Incorporated Memorandum of Law [ECF No. 31] (the "Reply"), and the supplemental authority provided by the defendant [ECF No. 33]. The Court heard oral argument on March 2, 2017, and took the matter under advisement.

Plaintiff Janay Louise Farmer ("Farmer") commenced this adversary proceeding to obtain a declaratory judgment that a certain loan serviced by defendant Navient Solutions, LLC ("Navient") does not constitute a non-dischargeable student loan. In its Motion, Navient seeks to compel Farmer to submit her entire dispute to arbitration in accordance with an arbitration clause in the promissory note executed by Farmer. Navient further requests that the Court either dismiss Famer's claims or stay this action pending arbitration.

For the reasons stated below, the Court concludes it has the discretion to decline to enforce the applicable arbitration clause because the arbitration would conflict with the underlying purposes of the Bankruptcy Code. The Court exercises this discretion to deny the Motion and rules that Farmer may continue pursuit of her claims in this adversary proceeding.

## BACKGROUND

In 2010, Farmer executed a promissory note (the "Note") for a loan to pay for expenses associated with studying for a post-graduate bar examination (the "Loan"). (Motion at Ex. 1.) Navient is the servicer of this loan.

The Note contains an arbitration clause. This provision generally provides that any past, present, or future legal dispute or any claim of any kind, including statutory and common law claims, and claims for equitable relief, that relate in any way to the Note, will be resolved by binding arbitration. (*Id*.) Farmer does not dispute the applicability or enforceability of the arbitration provision.

---

[1] Plaintiff named the defendant as "Navient Student Loan Solutions." In its Motion, the defendant stated the correct legal name is Navient Solutions, Inc. After filing the Motion, the defendant informed the Court that it had changed its name to Navient Solutions, LLC. (*See* ECF No. 28.)
MEMORANDUM DECISION AND ORDER ON MOTION BY NAVIENT SOLUTIONS INC. TO COMPEL ARBITRATIONS AND DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION - 2

Case 16-01254-CMA    Doc 34    Filed 05/04/17    Ent. 05/04/17 13:49:44    Pg. 2 of 9

Farmer filed a Chapter 7 bankruptcy case in this Court on August 22, 2016 (the "Bankruptcy Case"). She scheduled a $20,751.15 unsecured claim for a bar study loan, which represents the Loan. (Motion at Ex. 3.) About a month after she filed the petition, the chapter 7 trustee issued a report that there would be no distributions to creditors. Farmer commenced this adversary proceeding on November 22, 2016. A few days later, she received a chapter 7 discharge, and her bankruptcy case was closed shortly thereafter.

Farmer's complaint contains two claims for relief. First, she seeks a determination pursuant to 28 U.S.C. § 157(B)(2)(I) that the Loan does not constitute a qualified educational loan within the meaning of 11 U.S.C. §523(a)(8) and therefore is not excepted from her discharge. Second, she requests a declaratory judgment remedy pursuant to 28 U.S.C. § 2201 that the Loan is not a non-dischargeable loan but instead is a dischargeable consumer loan. Contrary to Navient's statement in the Motion, Farmer is not pursuing a determination that her debt is dischargeable under section 523(a)(8) of the Bankruptcy Code, as she is not seeking a hardship discharge.

In lieu of an answer to the complaint, Navient filed the Motion. Navient asks the Court to compel arbitration of all claims raised by Farmer in this adversary proceeding and dismiss this action with prejudice, or, in the alternative, stay this proceeding pending arbitration. Navient seeks to have an arbitrator, rather than this Court, determine if the Loan is dischargeable.

## JURISDICTION

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334(b).

## DISCUSSION

**A.     The Supreme Court Established a Three-Part Test to Determine if Congress Intended a Particular Statute to Override the Federal Policy Favoring Arbitration.**

The Federal Arbitration Act ("FAA") provides that a written arbitration provision in a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract" and that a court must stay a proceeding if an issue is arbitrable under such an agreement. 9 U.S.C. §§ 2-3. "[A]ny doubts concerning the scope of

MEMORANDUM DECISION AND ORDER ON MOTION BY NAVIENT SOLUTIONS INC. TO COMPEL ARBITRATIONS AND DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION - 3

Case 16-01254-CMA    Doc 34    Filed 05/04/17    Ent. 05/04/17 13:49:44    Pg. 3 of 9

arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). The mandate of the FAA, however, "may be overridden by a contrary congressional command." *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987). The party opposing arbitration has the burden "to show that Congress intended to preclude a waiver of judicial remedies for [the particular claim] at issue." *Id*. at 227.

To determine if Congress intended to override the FAA's policy of favoring arbitration, the Supreme Court instructs courts to examine (1) the text of the statute, (2) the statute's legislative history, and (3) whether an inherent conflict exists between arbitration and the underlying purposes of the statute. *Id*. The Ninth Circuit has declared there is no evidence in the text of the Bankruptcy Code or in the legislative history suggesting that Congress intended to create an exception to the FAA in the Bankruptcy Code. *Ackerman v. Eber (In re Eber)*, 687 F.3d 1123, 1129 (9th Cir. 2012); *Cont'l Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation)*, 671 F.3d 1011, 1020 (9th Cir. 2012). That leaves for the Court to determine if there is an inherent conflict between arbitrating the dispute conflicts with the purposes of the Bankruptcy Code.

Before examining this third factor, the Court must first address Navient's contention that the Supreme Court impliedly eliminated the "inherent conflict" test established in *McMahon*. In *CompuCredit Corp. v. Greenwood*, 565 U.S. 95 (2012), and *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304 (2013), the Supreme Court held that a party seeking to avoid arbitration must point to explicit statutory language in the text or history of the statute barring arbitration. In neither case did the Supreme Court specifically apply the *McMahon* factors. Navient thus contends these cases require the Court to focus solely on the text and legislative history of the Bankruptcy Code section at issue and ignore the "inherent conflict" factor when evaluating this Motion. (Reply at 4.)

The Court does not agree with Navient's interpretation of these decisions. If the Supreme Court intended to overrule or abrogate one of its prior decisions, it would have done so explicitly. There is no language in either opinion indicating an intention to eliminate the

MEMORANDUM DECISION AND ORDER ON MOTION BY NAVIENT SOLUTIONS INC. TO COMPEL ARBITRATIONS AND DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION - 4

Case 16-01254-CMA    Doc 34    Filed 05/04/17    Ent. 05/04/17 13:49:44    Pg. 4 of 9

"inherent conflict" test. On the contrary, in *Italian Colors Restaurant*, the Supreme Court cited *CompuCredit*, which was quoting *McMahon*, when noting that courts must enforce arbitration agreements unless the FAA's mandate has been overridden by a contrary congressional command. 133 S. Ct. at 2309. This acknowledgment of *McMahon* without a challenge to any aspect of the ruling confirms the three-part test remains intact. Even if this Court were to consider determining on its own initiative that the Supreme Court silently overturned its own precedent, the Ninth Circuit continues to apply the "inherent conflict" test. *In re EPD Investment Co., LLC*, 821 F.3d 1146, 1150 (9th Cir. 2016). This Court must follow binding Ninth Circuit authority, and therefore declines Navient's invitation to eschew the third part of the *McMahon* test.

**B.    Ninth Circuit Authority Directs the Court to Refuse to Compel Arbitration of the Claims in this Proceeding.**

As an initial matter, a bankruptcy court has discretion to refuse to compel arbitration of core matters. *Eber*, 687 F.3d at 1130. As noted above, Farmer's causes of action seek a determination that her obligation to Navient is dischargeable. The Bankruptcy Code clearly categorizes such claims as core matters. 28 U.S.C. § 157(b)(2)(I). Navient presents no argument to the contrary. Given the core status of Farmer's claims, this Court has the discretion to weigh the competing bankruptcy and arbitration interests at stake. *EPD Investments*, 821 F.3d at 1150.

Three decisions from the Ninth Circuit Court of Appeals—*Thorpe Insulation*, *Eber*, and *EPD Investment*—applying the "inherent conflict" test in the bankruptcy context to core claims all concluded the bankruptcy court properly exercised its discretion to refuse to enforce an arbitration agreement. Navient has not identified any other Ninth Circuit opinion that reaches a different result. Based on these three opinions, this Court concludes that the law in the Ninth Circuit requires it to deny Navient's request for arbitration.

*Eber* is particularly instructive. That case involved an individual chapter 7 debtor who, like Farmer, received a discharge soon after commencing his case. Two creditors filed a complaint for determination that certain debts owed to them were non-dischargeable under section 523(a)(2), (4), and (6). The bankruptcy court made a factual determination that the

MEMORANDUM DECISION AND ORDER ON MOTION BY NAVIENT SOLUTIONS INC. TO COMPEL ARBITRATIONS AND DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION - 5

Case 16-01254-CMA    Doc 34    Filed 05/04/17    Ent. 05/04/17 13:49:44    Pg. 5 of 9

claims the creditors sought to arbitrate "go to the issue of dischargeability," and that "arbitration of dischargeability inherently conflicts with the goals of centralized resolution of bankruptcy issues, preventing piecemeal litigation, and the power of a bankruptcy court to enforce its own orders." 687 F.3d at 1127. Affirming the bankruptcy court, the Ninth Circuit agreed that allowing an arbitrator to decide issues that are so closely intertwined with dischargeability would "conflict with the underlying purposes of the Bankruptcy Code." *Id*. at 1130–31. The Ninth Circuit made no issue of the facts that the debtor had received a discharge and the litigation would have no bearing on distributions to creditors or on any reorganization efforts.

Like the bankruptcy court in *Eber*, this Court also concludes that permitting an arbitrator to decide whether the Loan constitutes a non-dischargeable educational loan inherently conflicts with the goals of centralized resolution of bankruptcy issues, preventing piecemeal litigation, and the power of a bankruptcy court to enforce its own orders. Navient desires to arbitrate dischargeability, "a core matter which bankruptcy courts have special expertise to decide." *Eber*, 687 F.3d at 1131.

Moreover, this adversary proceeding presents only questions of law that a bankruptcy court should decide. Farmer seeks a determination of the meaning of the term "educational loan" under section 523(a)(8). The purpose of that section is to prevent debtors from discharging certain educational loans unless a debtor can demonstrate that excepting the obligation from discharge would impose an undue hardship on the debtor or any dependents. This proceeding involves only the question of whether the Loan qualifies as the type of loan described in subsection (a)(8). If the Court grants the Motion, an arbitrator would be tasked, not with finding facts, but with interpreting the Bankruptcy Code. Given that there is no specific law or binding authority directly on point, the arbitrator would be free to interpret the section 523(a)(8) in the manner of his or her choosing. If such decisions must be arbitrated each time, the meaning of the subsection will be decided on an arbitration-by-arbitration basis and debtors may face inconsistent applications of the law. Such a result would conflict with the need for uniformity in the administration of the bankruptcy laws. *See In re Miles*, 430 F.3d 1083, 1091 (9th Cir. 2005)

MEMORANDUM DECISION AND ORDER ON MOTION BY NAVIENT SOLUTIONS INC. TO COMPEL ARBITRATIONS AND DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION - 6

Case 16-01254-CMA    Doc 34    Filed 05/04/17    Ent. 05/04/17 13:49:44    Pg. 6 of 9

**Below is a Memorandum Decision of the Court.**

(in a different context, recognizing the need for uniformity). In short, bankruptcy courts, rather than arbitrators, should decide the meaning of terms and provisions in the Bankruptcy Code.

Navient argues the Court should afford little weight to *Eber* and *Thorpe Insulation* because those cases involved denying arbitration of specific disputes that are within the exclusive jurisdiction bankruptcy courts. (Motion at 16, fn. 11; Reply at 3.) In *Eber*, the Ninth Circuit noted that bankruptcy courts have exclusive jurisdiction to determine dischargeability of debts under sections 523(a)(2), (4), and (6), which were at issue, and has concurrent jurisdiction as to all other subsections of section 523(a). 687 F.3d at 1128. The disputes in *Thorpe Insulation* involved an asbestos channeling injunction under section 524(g), which provides such disputes must be resolved by the district court that entered the injunction. According to Navient, these decisions indicate that unless the bankruptcy court has exclusive jurisdiction over a dispute, the court should enforce an arbitration agreement. The Court disagrees, as the Ninth Circuit in *EPD Investment* relied on both *Eber* and *Thorpe Insulation* to affirm the denial of a motion to compel arbitration even though the bankruptcy court lacked exclusive jurisdiction over all of the disputes before it.

In *EPD Investment*, the chapter 7 trustee commenced an adversary proceeding against debtor's attorney and attorney's wife, seeking subordination and/or disallowance of their claims and to recover fraudulent conveyances they allegedly received under both federal and state law. The Ninth Circuit concluded the bankruptcy court acted within its discretion to deny the defendants' motion to compel arbitration, agreeing that to compel arbitration would conflict with Bankruptcy Code purposes of having bankruptcy law issues decided by bankruptcy courts, of centralizing resolution of bankruptcy disputes, and of protecting parties from piecemeal litigation. 821 F.3d at 1150. Notably, the bankruptcy court did not have exclusive jurisdiction over all of the disputes.[2] The Ninth Circuit, however, did not even address the issue of jurisdiction in its opinion, and instead focused on the core/non-core distinction and noted, "[I]n a core [bankruptcy] proceeding . . . a bankruptcy court has discretion to decline to enforce an

---

[2] A bankruptcy court has concurrent but not exclusive jurisdiction over a chapter 7 trustee's claim to avoid a fraudulent transfer under state law using the strong-arm power of section 544(b). *See, e.g.*, *In re Rosenblum*, 545 B.R. 846, 854 (Bankr. E.D. Pa. 2016).

MEMORANDUM DECISION AND ORDER ON MOTION BY NAVIENT SOLUTIONS INC. TO COMPEL ARBITRATIONS AND DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION - 7

otherwise applicable arbitration provision only if arbitration would conflict with the underlying purposes of the Bankruptcy Code." *Id.* (citing *Thorpe Insulation*, 671 F.3d at 1021). Contrary to Navient's position, whether the bankruptcy court has exclusive jurisdiction is not the determinative factor in the Ninth Circuit.

After the Court took this matter under advisement, Navient drew the Court's attention to *In re Williams*, 564 B.R. 770 (Bankr. S.D. Fla. 2017), a recent bankruptcy court decision from the Southern District of Florida which enforced an arbitration provision contained in an agreement similar to the Note. In *Williams*, after a chapter 7 debtor obtained a discharge, a loan servicer (also Navient) undertook efforts to collect on a bar study loan that it considered a non-dischargeable educational loan under section 523(a)(8). The debtor obtained an order to reopen her case and then filed an adversary proceeding against the servicer. In her complaint, like Farmer, the debtor sought a determination that the debt was not a "qualified education loan" under section 523(a)(8) and therefore was dischargeable, and requested a declaratory judgment to the same effect. The debtor in *Williams* additionally sought an order holding the servicer in contempt for attempting to collect the debt in violation of the discharge injunction provided by 11 U.S.C. § 524, along with an award of damages. The debtor also asserted these same claims on behalf of a putative statewide class of similarly situated persons. *Id.* at 774. The bankruptcy court granted the servicer's motion to compel arbitration based on the following factors: (1) since the debtor had received a discharge, arbitration of the claims would not interfere with or affect the distribution of the estate and will not affect an ongoing reorganization; (2) arbitration would not interfere with or affect the preservation of estate assets or the determination of the priority of creditor's claims; (3) the fact that she brought her section 523(a)(8) and section 524(a)(2) claims on behalf of a putative class weighed in favor of compelling arbitration; and (4) the bankruptcy court did not have exclusive jurisdiction over the claims at issue. *Id.* at 783-84.

The Court declines to follow *Williams* for several reasons. First, the debtor in that case, unlike Farmer, sought to adjudicate the issues on behalf of numerous other persons. Pursuit of that relief was very important to the bankruptcy court, which held, "The fact that the Plaintiff brought her section 523(a)(8) and section 524(a)(2) claims on behalf of a putative class weighs in

MEMORANDUM DECISION AND ORDER ON MOTION BY NAVIENT SOLUTIONS INC. TO COMPEL ARBITRATIONS AND DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION - 8

Case 16-01254-CMA    Doc 34    Filed 05/04/17    Ent. 05/04/17 13:49:44    Pg. 8 of 9

**Below is a Memorandum Decision of the Court.**

favor of compelling arbitration." 564 B.R. at 783. Second, all of the opinions by the Ninth Circuit Court of Appeals applying the *McMahon* framework in the bankruptcy context affirmed bankruptcy court decisions to refuse arbitration. In particular, *Eber* instructs this Court that the fact the litigation will not interfere or affect distributions or a reorganization is not determinative. The bankruptcy Court in *Williams* had no such guidance from its circuit court. Finally, this Court does not place the same emphasis as the *Williams* court on the notion that bankruptcy courts have only concurrent jurisdiction over section 523(a)(8) claims. The factor was not critical in *EPD Investments*, and it should not determine the outcome here.

In sum, arbitration of the claims brought by Farmer would "jeopardize a core bankruptcy proceeding." *Eber*, 687 F.3d at 1131. Since the requested arbitration would inherently conflict with the underlying purposes of section 523(a)(8) of the Bankruptcy Code, it is appropriate to decline to enforce the arbitration provision.

## CONCLUSION

For the reasons stated above, the Court DENIES Navient's Motion to compel arbitration and for other relief. Navient shall file an answer to complaint within 14 days of the entry of this order.

///END OF MEMORANDUM DECISION///

MEMORANDUM DECISION AND ORDER ON MOTION BY NAVIENT SOLUTIONS INC. TO COMPEL ARBITRATIONS AND DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION - 9

Case 16-01254-CMA    Doc 34    Filed 05/04/17    Ent. 05/04/17 13:49:44    Pg. 9 of 9